# EXHIBIT 1

ABELSON HERRON HALPERN LLP
Michael Bruce Abelson (State Bar No. 130739)
Heather L. Mayer (State Bar No. 210544)
333 South Grand Avenue, Suite 1550
Los Angeles, California 90071-1559
Telephone:  (213) 402-1900
Facsimile:  (213) 402-1901
mabelson@abelsonherron.com
hmayer@abelsonherron.com

BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
Anthony J. Durone (*pro hac vice*)
Laura K. Brooks (*pro hac vice*)
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
adurone@berkowitzoliver.com
lbrooks@berkowitzoliver.com

Attorneys for Defendants H&R Block Tax and Business Services, Inc.; H&R Block Enterprises, Inc.; Non-entity H&R Block Services; H&R Block Tax Services, Inc.; Non-entity H&R Block Tax Group; Non-entity H&R Block; and HRB Tax Group, Inc.

LAW OFFICES OF G. MARSHALL HANN
G. Marshall Hann (State Bar No. 100854)
25350 Magic Mountain Pkwy
Suite 130
Valencia, CA 91355
Telephone:  (661) 255-3600
Facsimile:  (661) 255-3859

Attorneys for Plaintiff Robert J. Cortese



JOINT STIPULATED PROTECTIVE ORDER

1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. CORTESE, | CASE NO. 2:14-cv-7550-PSG-MRW |
| Plaintiff, | |
| v. | |
| H&R BLOCK TAX AND BUSINESS SERVICES, INC.; H&R BLOCK ENTERPRISES, INC.; H&R BLOCK SERVICES; H&R BLOCK TAX SERVICES, INC.; H&R BLOCK TAX GROUP; H&R BLOCK; HRB TAX GROUP, INC. (fka H&R BLOCK SERVICES, INC.); HEATHER WILKOWSKI; and Does 1 to 50, Inclusive, | **JOINT STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

The parties anticipate that this case will involve discovery of confidential and highly confidential matters, including competitive and proprietary information, private information of third parties and other confidential, sensitive and non-public materials. Thus, the parties have stipulated to entry of this Protective Order to prevent unnecessary disclosure or dissemination of confidential information of the parties, their affiliates or third parties. The Court finds good cause for entering a protective order. Fed. R. Civ. P. 26(c).

Accordingly, it is hereby ORDERED that the following provisions of this Order shall govern the confidential information produced in the course of this civil action:

1. Any document / material or information produced in this case may be designated as "Confidential" as specifically set forth in paragraph 2.



2. Material designated for protection under this Order ("Protected Material") may be designated by the party, including any third-parties, producing it as "CONFIDENTIAL." "CONFIDENTIAL" information is defined herein as information that is designated as such by the producing party and which constitutes or contains information not publicly known and that the disclosing party would not normally reveal to third parties without an agreement to maintain it in confidence. The word "CONFIDENTIAL" shall be placed clearly on each such page or portion of the Protected Material designated for protection. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are exchanged or produced.

3. The inadvertent or unintentional disclosure by a producing party of Protected Material shall not constitute a waiver, either as to specific information disclosed or as to any other information relating thereto or the same or related subject matter, or the producing party's right to re-designate the information Protected Material. In the event of an inadvertent disclosure of Protected Material not so designated at the time of production, the producing party shall give notice promptly following the discovery or the disclosure and shall advise the other parties of the Bates numbers of the documents to be designated as Protected Material. The documents so designated shall be deemed Protected Material when notice is given.

4. Protected Material classified under paragraph 2 above may be disclosed only to the following persons, except upon the order of the Court or prior written consent of the designating party:

  a. Attorneys for the parties, including in-house counsel for Defendants, and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action;

  b. The parties or their officers, directors, employees, and agents;



3

JOINT STIPULATED PROTECTIVE ORDER

      c.    Consultants and experts, to the extent necessary for the conduct of this action;

      d.    Persons shown on the face of the document to have authored or received it;

      e.    Witnesses, for the conduct of this action; and

      f.    The Court, court administrative personnel, and court reporters.

      g.    Any mediator or other decision-maker appointed by the Court or chosen by the parties.

5.    This Order shall not be construed:

      a.    To prevent any party or its respective outside counsel from making use of information which was lawfully in its possession prior to receiving such information from a designating party during the course of this action; or

      b.    To apply to information that becomes public other than by a party's violation of this order; or

      c.    To apply to information independently acquired, or which any party or its counsel has lawfully obtained or shall hereafter lawfully obtain from any third party having the right to disclose such information.

6.    Protected Material produced or exchanged in the course of this litigation shall not be used for any purpose other than preparation for litigation of this action and any post-trial proceeding in this action.

7.    All notes, extracts and summaries of Protected Material shall also be considered Protected Material and be subject to the terms of this Order.

8.    A party shall not be obligated to challenge the propriety of a designation under paragraph 2 at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Any party may request in writing to the party who produced Protected Material that the designation be modified or

1 withdrawn.  If the designating party does not agree to re-designation within ten
2 (10) days of receipt of the written request, the requesting party may apply to the
3 Court for relief.  Upon any such application to the Court for relief, the burden shall
4 be on the party challenging the designating to show why the classification is not
5 proper.  Agreement of the parties to this Order shall not be construed as an
6 agreement or admission by one party that any designation under paragraph 2 by the
7 other party is in any way proper or correct.
8    9. Any party may apply to the Court for a modification of the Protective
9 Order, and nothing in the Protective Order shall be construed to prevent a party
10 from seeking such further provisions enhancing or limiting confidentiality as may
11 be appropriate.
12    10. All persons to whom Protected Material is disclosed in accordance
13 with the terms of this Order shall be advised of the terms of this Order and shall be
14 required to sign a non-disclosure Agreement in the form attached hereto as Exhibit
15 A and, upon such signing, such person shall be bound by the obligations of
16 confidentiality and non-disclosure set forth in this Order.
17    11. Within 60 days after termination of this action, including any appeals,
18 the requesting party shall return to the producing party all documents and other
19 tangible items containing Protected Material, including all copies, notes, and other
20 materials containing or referring to information derived there from, or certify that
21 all such documents and other tangible items have been destroyed.  Attorneys shall
22 be entitled to retain, however, a set of all documents filed with the Court and all
23 correspondence generated in connection with the action.
24    12. Protected Material disclosed at any hearing occurring in this action
25 may be designated under paragraph 2 by the party asserting ownership or the need
26 for protection thereof by indicating on the record at the hearing that the testimony
27 is Protected Material.  The party asserting ownership of Protected Material may
28 also designate testimony or exhibits disclosed at such hearing as Protected Material



5                 JOINT STIPULATED PROTECTIVE ORDER

1  by notifying the other party in writing within ten (10) days of receipt of the
2  transcript of the hearing.  Such notice shall state the specific page and lines of the
3  transcript which contain Protected Material.  Each party shall attach a copy of such
4  written notice or notices to the face of the transcript and to each copy thereof in its
5  possession, custody or control.  All parties shall hold all transcripts of and exhibits
6  to hearings for ten (10) days from the date of the receipt of the transcript before
7  disclosing information obtained at the hearing to any person to whom disclosure of
8  Confidential information would not be permitted by this Protective Order.  The
9  court reporter shall mark those portions of the transcripts which are designated as
10 Protected Material at the time of the hearing with the appropriate Legend indicated
11 under paragraph 2 by the party asserting ownership thereto.

12        13.    If any party seeks to file or lodge with the Court any documents,
13 including  deposition transcripts or videotapes, that contain CONFIDENTIAL
14 INFORMATION designated "Confidential" or "Confidential: Attorneys' Eyes
15 Only," such materials to be filed or lodged under seal shall be filed or lodged in
16 compliance with United States District Court, C.D. Cal., Local Rule 79-5.

17        14.    The treatment accorded Protected Material under this Order shall
18 survive the termination of this action.

19        15.    This Order shall be without prejudice to the right of any party to
20 oppose production of any information for any reason other than confidentiality or
21 to seek modification by the Court of any term of this Order.

**IT IS SO ORDERED.**

Date:  January 16, 2015

~~PHILIP S. GUTIERREZ, JUDGE~~
UNITED STATES DISTRICT COURT
Michael R. Wilner, United State Magistrate Judge



6

JOINT STIPULATED PROTECTIVE ORDER

1  *STIPULATED AND AGREED TO BY:*

2

3  BERKOWITZ OLIVER WILLIAMS
4  SHAW & EISENBRANDT LLP

5  By   /s/ Anthony J. Durone
6  Anthony J. Durone
   *Attorneys for Defendants H&R Block*
7  *Tax and Business Services, Inc.; H&R*
8  *Block Enterprises, Inc.; Non-entity*
   *H&R Block Services; H&R Block Tax*
9  *Services, Inc.; Non-entity H&R Block*
10 *Tax Group; Non-entity H&R Block;*
   *and HRB Tax Group, Inc.*
11

12

13 LAW OFFICES OF G. MARSHALL HANN
14 G. Marshall Hann

15 By   /s/ G. Marshall Hann
16 G. Marshall Hann
   *Attorneys for Plaintiff Robert J. Cortese*
17

18

19

20

21

22

23

24

25

26

27

28



7

JOINT STIPULATED PROTECTIVE ORDER